**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

FILED

MAY 1 7 2017

CLERK, U.S. DISTRICT COURT

By _____

| | | |
|---|---|---|
| CARLOS E. CASAS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-872-O |
| | § | |
| CITY OF FORT WORTH POLICE | § | |
| DEPARTMENT, ET AL. | § | |

## <u>FINDINGS, CONCLUSION, AND RECOMMENDATION REGARDING SEVERAL PENDING MOTIONS</u>

Pending before the Court are several motions: (1) Defendant Officer Xavier Serrano ("Serrano")'s Motion to Strike Proof of Service and to Dismiss for Failure to State a Claim [doc. 24], filed March 1, 2017; (2) Plaintiff's Amended Motion to Extend Time to Serve Brian C. Humphries ("Humphries") [doc. 27], filed March 3, 2017; (3) Plaintiff's Motion for Leave to Re-Service Officer P. Branch [doc. 28], filed March 3, 2017; (4) Defendant Officer P. Branch ("Branch")'s Motion to Quash and Motion to Dismiss [doc. 29], filed March 3, 2017; (5) Defendant Officer P. Branch's Motion to Dismiss Plaintiff's Second Amended Complaint [doc. 46], filed April 3, 3017; (6) Defendant Serrano's Motion to Dismiss for Failure to State a Claim [doc. 49], filed April 5, 2017; and (7) Defendant Humphries' Motion to Dismiss [doc. 59], filed April 28, 2017.[1]  In an order dated March 22, 2017, the Court notified the parties of its intent to convert Defendant Serrano's Motion to Strike Proof of Service and to Dismiss for Failure to State a Claim [doc. 24] and Defendant Branch's Motion to Quash and Motion to Dismiss [doc. 29] to motions for summary judgment on the issue of the sufficiency of process.

---

[1] The Court notes that Defendants, in their motions, raise various arguments regarding why the above-styled and numbered cause should be dismissed. The Court is only addressing the issues raised regarding the statute of limitations and proper and timely service of process in this order.

1

The Court finds that it has given adequate notice that all motions to dismiss relating to this issue were converted to motions for summary judgment, including any motions to dismiss filed after the March 22, 2017 Order. While some of the individual Defendants filed second motions to dismiss after the Court granted Casas leave to file a second amended complaint, because all motions raise similar arguments, the Court will consider all relevant documents in all motions listed above. The Court, having carefully considered the motions, responses, replies, and all relevant documents, recommends that the individual Defendants' motions be **GRANTED,** that all claims against the individual Defendants (Serrano, Humphries, and Branch) be **DISMISSED WITHOUT PREJUDICE,** and that Plaintiff's motions be **DENIED**.

*Pro-se* plaintiff Carlos E. Casas ("Casas") filed this suit against Defendants on November 16, 2015. In his original complaint, Casas alleges that on the evening of November 14, 2013 to the early morning of November 15, 2013, he and Defendant Humphries, a former officer with the Fort Worth Police Department who was off duty at the time, happened to be at the same night club. (Plaintiff's Original Complaint ("Pl.'s Compl.") at 2.) Casas claims that when he left the club, Humphries followed him out of the club, got into an unmarked vehicle, and recklessly chased Casas home. (*Id.*) Casas alleges that Humphries had called the City of Fort Worth Police Department and two additional police officers, Serrano and Branch, also arrived in front of Casas' home. (*Id.*) Casas states that these three officers came onto his property, disregarding his request not to do so, took away his vehicle and charged Casas with "Driving While Intoxicated, Illegal Possession of a Weapon (firearm), and Possession of Controlled Substances." (*Id.*) Casas claims that Defendants Humphries, Serrano, and Branch

2

acted unreasonably and in bad faith in falsely reporting what happened in an Incident Report and that they all "maliciously fabricate[d] a situation to be able to enter, search and seize [Casas'] property, deprive [Casas] of [his] liberty, deprive [Casas] of [his] right to bear arms, etc." (*Id.*) Casas, in the Civil Cover Sheet filed with his Complaint, indicated that he was claiming a civil rights action pursuant to 42 U.S.C. § 1983. The Court, also on November 16, 2015, issued summonses for all Defendants [doc. 3].

Thereafter, on January 6, 2017, almost fourteen months after he filed the suit, Casas filed four Certificates of Proof of Service that indicated the following: (1) he had served Defendants City of Fort Worth Police Department ("FWPD") and Humphries by mailing letters to them via the United States Postal Service and that such letters were, on November 18, 2015, delivered and signed for by an individual named Joe M. Daniel ("Daniel") at the Fort Worth Police Department [docs. 6, 8] and (2) he had served Defendants Branch and Serrano by mailing letters to them via the United States Postal Service and that such letters were, on December 7, 2015, delivered and signed for by Daniel [docs. 7, 9][2].

Later, on January 13, 2017, Defendant FWPD filed a motion to quash service, which was ultimately denied as moot as Casas agreed to properly re-serve Defendant FWPD and, on February 2, 2017, filed an executed summons indicating such summons was, on January 26, 2017, served by a constable and accepted by Mary Kayser, City Secretary [doc. 12]. A constable attempted to serve Defendants Humphries and Serrano on January 31, 2017 and

---

[2] Casas apparently attempted to serve Defendants Branch and Serrano via the United States Postal Service at the same time, albeit at a different address, that he served Defendants City of Fort Worth Police Department and Humphries. However, such letters were originally refused so Casas resent the letters to the same address that he sent the letters to Defendants City of Fort Worth Police Department and Humphries, where they were received on December 7, 2015 and also signed for by Daniel.

February 1, 2017, respectively, but such summonses were returned unexecuted and filed with the Court on February 7 and 6, 2017, respectively [docs 13, 14]. On February 13, 2017 summonses were reissued as to Defendants Serrano and Humphries at different addresses [docs 15, 16]. Mr. Luis Galindo, counsel for Defendant Serrano was served with Defendant Serrano's summons on February 17, 2017.[3] (Pl.'s Resp. to Def. Branch's Mot. to Quash at 2; Plaintiff's Response to Defendant Serrano's Motion to Strike Proof of Service ("Pl.'s Resp. to Def. Serrano's Mot. to Strike") at 2; *see* Doc. 22.) A summons was again reissued for Defendant Humphries on February 21, 2017 [doc. 20]. After Branch filed his Motion to Quash Service [doc. 28], Defendant Branch was served by a constable on March 29, 2017 [doc. 45] and Defendant Humphries was served on April 4, 2017 (Defendant Humphries' Motion to Dismiss at 1 [doc. 59]; *see* doc. 53).

On March 8, 2017, Casas filed a First Amended Complaint in which he alleged against Defendants "five federal claims pursuant to 42 U.S.C. § 1983 to redress violation of his rights guaranteed by (1) Substantive Due Process of the Fourteenth Amendment; (2) Procedural Due Process of the Fourteenth Amendment; (3) The Right to Bear Arms of the Second Amendment; (4) The Equal Protection Clause of the Fourteenth Amendment; and (4) Protection from Illegal Search and Seizure of the Fourth Amendment." (Plaintiff's First Amended Complaint ("Pl.'s Am. Compl.") at 1.) In the body of his First Amended Complaint, Casas sets forth the

---

[3] The Court notes that Defendant Serrano, in his Reply to Plaintiff's Response to Motion to Dismiss for Failure to State a Claim, stated that service was effected on him on February 13, 2017 (and not February 17, 2017). (Defendant Serrano's Reply to Motion to Strike [doc. 56] ("Def. Serrano's Reply to Strike") at 1; *see* Def. Serrano's Motion to Dismiss for Failure to State a Claim [doc. 49] at 6.)

following counts: (1) 42 U.S.C. § 1983 against Defendant City of Fort Worth;[4] (2) 42 U.S.C. § 1983 against Defendants Humphries, Branch, and Serrano; (3) respondeat superior pursuant to 42 U.S.C. § 1983 against Defendant City of Fort Worth; (4) failure to train pursuant to 42 U.S.C. § 1983 against Defendant City of Fort Worth; (5) conspiracy pursuant to 42 U.S.C. § 1983; (6) trespass pursuant to 42 U.S.C. § 1983; (7) false arrest pursuant to 42 U.S.C. § 1983; (8) unreasonable searches and seizures pursuant to 42 U.S.C. § 1983; (9) negligence; (10) gross negligence against Defendant City of Fort Worth; (11) gross negligence against Defendants Humphries, Serrano, and Branch; (12) violation of the Fourteenth Amendment substantive due process pursuant to 42 U.S.C. § 1983 against Defendant City of Fort Worth; (13) violation of the Fourteenth Amendment procedural due process pursuant to 42 U.S.C. § 1983 against Defendant City of Fort Worth; (14) violation of Fourth Amendment protection from unreasonable searches and seizures pursuant to 42 U.S.C. § 1983 against Defendant City of Fort Worth; (15) violation of Second Amendment right to bear arms pursuant to 42 U.S.C. § 1983; (16) violation of Fourteenth Amendment equal protection clause pursuant to 42 U.S.C. § 1983 against all Defendants; (17) request for declaratory relief, (18) damages, and (19) exemplary damages. Thereafter, on March 22, 2017, Casas filed a Second Amended Complaint, which continues to allege the above causes of action (with additional detail) against Defendants and adds further detail and exhibits regarding the events of November 14 to 15, 2013, his arrest, and time in jail. (*See* doc. 36.)

---

[4] In his First Amended Complaint, Casas changes the name of Defendant FWPD to Defendant City of Fort Worth.

In most of the above-referenced motions,[5] a question has been raised whether Plaintiff diligently served the individual Defendants as Plaintiff filed the above-styled and numbered lawsuit on November 16, 2015 but did not obtain proper service on Defendant Serrano until approximately February 17, 2017, Defendant Branch on March 29, 2017, and Defendant Humphries on April 4, 2017, all well over a year after the lawsuit was originally filed. Defendants Serrano and Branch, in their motions, have raised arguments pursuant to Federal Rule of Civil Procedure ("Rule") 4(m) and/or under a Texas statute of limitations rule ("Texas due diligence rule") that Plaintiff has failed to show "good cause" or "due diligence," respectively, for attempting to serve or serving the individual Defendants, and, thus, Plaintiff's causes of action against them should be dismissed.

In his Motion for Leave to Serve Humphries by Publication and to Extend the Period of Service [doc. 27], Casas states:

> This Court issued the summonses for all Defendants on November 16th, 2015 (see Dkt. No. 3). On the same day, November 16th, 2015, Plaintiff mailed these Court's summonses to Defendants. Two of the four summonses were accepted on November 18th, 2015, and the two were refused (see Appendix 2 through 5). Plaintiff inquired [of] the Fort Worth Police Department the reason why 2 of them were refused; Plaintiff was told that, though the address he sent them to was the place of work of Defendants Branch and Serrano (5320 Trial [sic] Lake Dr, Fort Worth, TX 76133), the summonses had to be sent to the Fort Worth Police Department's main address; 350 W. Belknap St, Fort Worth, TX 76102. Plaintiff re-sent Branch's and Serrano's summonses to the Fort Worth Police Department's main address, as instructed, and the two rejected summonses were accepted on December 7th, 2015.

---

[5] The Court notes that Defendant Humphries, in his Motion to Dismiss [doc. 59] does not raise the issue of the insufficiency of service of process. However, because the Court can raise this issue *sua sponte*, the Court will include Defendant Humphries in its analysis of whether the individual defendants should be dismissed because of the failure to effectuate service of process in a timely manner. *See* Fed. R. Civ. P. 4(m); *Garner v. Gutierrez*, No. 2:11-CV-00320, 2013 WL 754105, at *2 (S.D. Tex. Feb. 27, 2013).

6

Plaintiff['s] service on all Defendants was accepted; Plaintiff effected service before the February 16th, 2016 deadline to serve (see Dkts. No. 6, 7, 8, & 9).

Although Plaintiff's Original Complaint (Dkt No. 1) specifies Plaintiff's claims, from the moment he filed it, he was aware that he would be facing litigation against at least 4 different professional and experienced lawyers; it was clear that the November 16th, 2015 Plaintiff was at a huge disadvantage and Plaintiff began educating himself on the very next day and quickly to somehow be ready to respond to any counterpart proceeding (that could potentially happen at any time after Defendants were served). Between November 16th, 2015 and January 6th, 2017; Plaintiff was reading extensively and instructing himself (in all his available time). Plaintiff's aim was to be as prepared as he could at any given time, to have the knowledge to somehow balance the scales, shrink the clear disadvantage gap, and to conduct his pro-se litigation in a more suitable manner that would not unnecessarily burden this Court. On January 6th, 2017 Plaintiff filed the proof of service of the summons to all Defendants (see Dkts. 6, 7, 8, & 9).

(Plaintiff's Motion for Leave to Serve Brice C. Humphries By Publication and to Extend the Period of Service ("Pl.'s Motion for Leave to Serve Humphries") at 1-2; *see also* Plaintiff's Response to Defendant Branch's Motion to Quash and Motion to Dismiss ("Pl.'s Resp. to Def. Branch's Mot. to Quash") at 1.) Casas attached an Affidavit to his Motion for Leave to Serve Humphries in which he swore that "every statement contained in it is within his personal knowledge and true and correct." (Pl.'s Motion for Leave to Serve Humphries at 6.)

In his response to Defendant's Branch's Motion to Quash and Motion to Dismiss, Plaintiff further states:

The Plaintiff believed in good faith that proper service had been perfected clearly within the applicable statute of limitations. The Defendants did not file an answer during the subsequent thirteen (13) months. Plaintiff did not attempt to leverage on the lack of answers, by, for example, filing a motion for default judgment[;] instead, Plaintiff filed in good faith a purported proof of service on all Defendants on January 6, 2017.

7

(Pl.'s Resp. to Def. Branch's Mot. to Quash at 2.)  Casas also attached a similar affidavit as described above to all of his responses.  While there appears to be some confusion among the parties regarding whether Casas' efforts to properly serve Defendants are governed by the Texas due diligence rule or Rule 4(m), the Court finds that Plaintiff's efforts fall short regardless of which rule is applied.

In this case, Casas appears to have asserted several state-law claims in his Second Amended Complaint against Defendants for negligence, gross negligence, and trespass.  Such state-law claims are governed by a two- year statute of limitations.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003; *see also Resolution Trust Corp v. Acton*, 844 F. Supp. 307, 316 (N.D. Tex. 1994) (stating that the statute of limitations for negligence and gross negligence was two years).  According to the Texas due diligence rule, for any state-law claims asserted in cases filed in federal courts in Texas to comply with the applicable statute of limitations, "a plaintiff must not only file suit but also use due diligence in procuring service on the defendant in order to toll the statute of limitations" and "lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence."[6] *Saenz v. Keller Indus. of Texas, Inc.*, 951 F.2d 665, 667 (5th Cir. 1992); *see Scott v. Cypress Creek Emergency Med. Servs.*, No. H-06-1436, 2007 WL 2209268, at *1 (S.D. Tex. July 27, 2007).  "Any attempts at service made after the statute of limitations has expired cannot be related back to the date the petition was filed unless the plaintiff has consistently exercised due diligence." *Scott*, 2007 WL 2209268, at*5.

---

[6] "The existence of diligence is generally a question of fact, but if no excuse is offered, or if the time lapses and the plaintiff's acts conclusively negate diligence, a lack of diligence will be found as a matter of law." *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ).

In addition, Casas has asserted multiple federal claims against Defendants. As to Casas' federal claims against the individual defendants pursuant to 42 U.S.C. § 1983, the Court notes that there appears to be some question as to whether the Texas due diligence rule applies to such claims in Texas federal court. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 n.1 (5th Cir. 1998) (noting that Fifth Circuit has been inconsistent in applying Texas due diligence rule to section 1983 actions in federal court); *Ponder v. City of Denton, Texas*, No. 4:13-CV-17, 2014 WL 5364026, at *2-3 (E.D. Tex. Oct. 21, 2014 (noting that, in section 1983 claims, the length of the statute of limitations is determined by the state's statute of limitations for personal-injury torts, which is two years in Texas); *Lopez v. Unknown Galveston Police Officer No. 1*, No. G-06-0371, 2006 WL 3702895, at *4-13 (S.D. Tex. Dec. 13, 2006). Some Courts have held that the "Texas rule requiring due diligence to toll the statue of limitations does not apply to federal claims." *Scott v. Cypress Creek Emergency Med. Srvs.*, No. H-06-1436, 2007 WL 2209268, at *6 (S.D. Tex. July 27, 2007) (citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)); *see Vela v. City of Austin Texas*, No. 1-15-CV-1015-RP, 2016 WL 1583676, at *3 (W.D. Tex. Apr. 19, 2016) ("[T]he Texas rule requiring due diligence in service . . . does not apply to Section 1983 claims filed in federal court."). According to this line of analysis, "[w]hile state law controls federal claims as to the time within which an action must be begun, the manner in which it is commenced and when it is deemed to have begun, being procedural and not substantive, is covered by the Federal Rules of Civil Procedure." *Scott*, 2007 WL 2209268, at *6 (internal quotations omitted). "Thus, although 42 U.S.C. § 1983 is supplemented by Texas statute of limitations for the purpose of establishing the time within

9

which the action must be begun, the manner in which it is commenced is governed by the

Federal Rules." *Id.*

According to Rule 3, an action is commenced by filing a complaint with the court.

Fed. R. Civ. P. 3. Rule 4(m), which sets forth the time limit for service, states:

> If a defendant is not served within 90 days[7] after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (footnote inserted). Casas bears the burden of showing good cause and

"must at minimum demonstrate 'as much as would be required to show excusable neglect, as

to which inadvertence or mistake of counsel or ignorance of the rules usually do not suffice.'"

*Milton v. Shinseki*, No. H-10-2806, 2011 WL 1831698, at \*2 (S.D. Tex. May 12, 2011)

(quoting *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

In this case, the events giving rise to Casas' claims against Defendants occurred on

November 14 and 15, 2013. Casas then timely filed his complaint against Defendants two

years later, on November 16, 2015.[8] In several of his responses, Casas claims that, due to the

continuing tort doctrine, the statute of limitations extended his ability to file the suit to at least

January 15, 2015, when the charges against him from the events leading up to all of the claims

---

[7] The Court notes that the time period for service was changed from 120 days to 90 days on December 1, 2015, the effective date of the amendment to Rule 4(m). *See Vela*, 2016 WL 1583676, at \*3. Because Casas filed his original complaint on November 16, 2015, prior to the date of the amendment, Casas' service would have been timely if completed within 120 days. *Id.* Because Casas failed to effect proper service within either 90 or 120 days, the Court's analysis does not change.

[8] The Court notes that Defendants Branch and Serrano do not assert in their motions that Casas failed to timely *file* his lawsuit to comply with the two-year statute of limitations. According to Defendant Serrano, November 14, 2015 was a Saturday and, consequently, Casas timely filed his complaint on Monday, November 16, 2015. (Defendant Serrano's Mot. to Dismiss at 5, n.1.)

he asserted in the instant case were dismissed, or, arguably, as late as the end of February 2015

when Casas actually discovered the charges against him were dismissed. (Pl.'s Resp. to Def.

Branch's Mot. to Quash at 1, 4; Pl.'s Resp. to Def. Serrano's Mot. to Strike at 4-5; *see* Pl.'s

Appendix to Resp. to Def. Branch's Mot. to Quash ("Pl.'s App. to Branch's Mot. to Quash")

at 4 (Casas Affidavit).) In support of this claim, Casas states:

> In the case at bar, it is alleged that Plaintiff suffered personal injury claims for
> civil rights violations by Defendants under 42 U.S.C. § 1983. Moreover,
> Plaintiff was subject to a lengthy criminal prosecution that lasted until the State
> of Texas dismissed the action on January 15, 2015. Therefore, Plaintiff was
> subject to a personal injury civil rights violation or continuing tort that
> subjected him to jeopardy throughout the duration of the time - fourteen (14)
> months.

(Pl.'s Resp. to Def. Branch's Mot. to Quash at 5.)

However, the Court finds that the continuing tort doctrine does not apply. Under

federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has

suffered an injury or has sufficient information to know that he has been injured" and there is

a connection between his injury and the defendant's actions. *Piotrowski v. City of Houston*,

237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citation omitted).) The

continuing tort doctrine provides that if the wrongful conduct is repeated over a period of time,

"each act creates a separate cause of action, and the cause does not accrue, for purposes of

limitations, until the misconduct ends." *Rogers v. Ardella Veigel Inter Vivos Trust No. 2*, 162

S.W.3d 281, 290 (Tex. App.—Amarillo 2005, pet denied). However, the scope of the

application of continuing tort is limited in that "[b]oth conduct and damage must be

continuous." *Nelson v. Louise*, No. 10-827-JJB-RLB, 2014 WL 5364050, at *13 (M.D. La.

Oct. 21, 2014) (internal quotations omitted). In the context of section 1983 claims, the Fifth

Circuit has held that the continuing tort doctrine does not apply if the plaintiff fails to allege that the governmental official continued to take action after the first alleged incident. *Washington v. Tex. Dep't of Criminal Justice*, 653 F. App'x 370, 372 (5th Cir. 2016).

In this case, there is no question that the events giving rise to this suit occurred on November 14-15, 2013. Casas does not allege that the individual Defendants took any action against him after November 14-15, 2013. While Casas does complain about his treatment after he was arrested on November 15, 2013 and taken and held in jail, he makes no allegations that the individual Defendants were involved. Thus, the individual Defendants did not engage in continuous conduct that led to continuing damage to Casas after November 15, 2013. The mere fact that Casas was subject to criminal prosecution for his actions of November 14-15, 2013 does not create any continuous wrongdoing on the individual Defendants' part, even if such criminal charges were eventually dismissed in January 2015. In other words "the mere pendency of [Casas'] criminal proceedings may not alone be interpreted to constitute a continuous act of wrongdoing by any person" even though Casas "may arguably have suffered ongoing 'ill effects' because of the pendency of the criminal proceedings." *Nelson*, 2014 WL 5364050, at *13. Because the continuing tort doctrine does not apply, the Court finds that the statute of limitations was not extended beyond November 16, 2015, when Casas filed his lawsuit.

As to the issue of service, Casas failed to *properly* serve any Defendant in November or December 2015 as service by certified mail under Rule 103 of the Texas Rules of Civil Procedure cannot be effected by a party to a suit. *See* Fed. R. Civ. P. 4(e) (stating that service on an individual may be served by, *inter alia*, following state law); Tex. R. Civ P. 103 (setting

12

forth who is authorized to serve process and stating that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit"), 106(a)(2) (stating that mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto is one authorized method of service). In fact, as noted above, Casas did not obtain proper service on Defendant Serrano until approximately February 17, 2017, Defendant Branch on March 29, 2017, and Defendant Humphries on April 4, 2017, fifteen to almost seventeen months after the lawsuit was originally filed on November 16, 2015.

Now that the Court has determined that service on the three individual Defendants is extremely untimely, the Court must now decide whether dismissal of this action against such defendants is warranted under either the Texas due diligence rule or Rule 4(m). While Plaintiff timely commenced his lawsuit against Defendants, the Court finds as a matter of law that he has not, as to his state-law claims, exercised due diligence under the Texas due diligence rule in timely serving the individual Defendants nor, as to his federal-law claims,[9] shown good cause under Rule 4 for his failure to serve the individual Defendants within 90 (or 120) days. In this case, Casas attempted, but failed, to properly execute service on Defendants within the first thirty days after the lawsuit was filed. However, for unexplainable reasons, Casas did nothing until January 6, 2017, almost fourteen months after he filed the lawsuit, to determine whether he had perfected timely and proper service on any of the Defendants. While Casas claims the delay was because he was trying to educate himself on how to manage his lawsuit,

---

[9] Casas federal-law claims filed under 42 U.S.C. 1983 would be dismissed whether the Texas due diligence rule analysis or the Rule 4(m) analysis applies.

such an excuse amounts to no excuse at all but a claim of ignorance of the law. For over a year after his attempts to serve Defendants, Casas took no actual action to try to ensure the individual Defendants were properly served nor to move his lawsuit forward. As a result, the Court finds that, as a matter of law, such failure to act goes well beyond inadvertence and is not evidence of due diligence or good cause.[10]  Thus, the Court concludes that the claims against the individual defendants should be dismissed for Casas' continued, inexcusable failure to effect timely and proper service.[11]

## RECOMMENDATION

It is recommended that the following motions to dismiss (which have been converted to motions for summary judgment) be **GRANTED** for the reasons stated above and all claims against Defendants Serrano, Humphries, and Branch be **DISMISSED**: (1) Defendant Officer X. Serrano's Motion to Strike Proof of Service and to Dismiss for Failure to State a Claim [doc. 24]; (2) Defendant Officer P. Branch's Motion to Quash and Motion to Dismiss [doc.

---

[10] *See, e.g., Lucky v. Haynes*, No. 3:12-CV-2609-B, 2013 WL 3054042, at *2 (N.D. Tex. June 18, 2013) ("However, ignorance of the rules, even when proceeding *pro se*, does not constitute good cause under Rule 4(m) in the Fifth Circuit."); *Contreras v. Chavez*, 420 F. App'x 379, 381 (5th Cir. 2011) (nothing that Texas courts have held delays of four, five, and six months, without sufficient effort to serve defendant, negates due diligence as a matter of law); *Scott*, 2007 WL 2209268, at *6 (finding that Plaintiffs, who had served Defendant 210 days after the limitations period expired, had shown a lack of due diligence as a matter of law). *Bryant v. Metric Prop. Mgmt., Inc.*, No. 4:03-CV-212-Y, 2004 WL 1359526, at *6 (N.D. Tex. June 17, 2004) (finding that Plaintiff's excuse that he simply forgot to serve process on the defendant for several months after the statute of limitations had expired negated, as a matter of law, due diligence); *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169-70 (Tex. App.—Texarkana 1997, no writ) (explanation of delay based on reliance on a statement by attorney and ignorance of law failed as matter of law to raise fact issue on obligation of due diligence).

[11] The Court notes that dismissal without prejudice in a case, where as here, the applicable statute of limitations probably bars further litigation against the individual Defendants, is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). While the Court recognizes this potentially harsh result, it finds dismissal of the individual Defendants is still warranted as due diligence and good cause have not been shown. In addition, the Court reached its decision based on the fact that the delay was caused by Casas himself (and not an attorney) and the wholly unreasonable length of the delay (well over a year) with absolutely no evidence of any action on the part of Casas to further this litigation.

29], filed March 3, 2017; (3) Defendant Branch's Motion to Dismiss Second Amended Complaint [doc. 46]; (4) Defendant Serrano's Motion to Dismiss for Failure to State a Claim [doc. 49]; and (5) Defendant Humphries Motion to Dismiss [doc. 59].   It is further recommended the following motions be **DENIED**: (1) Plaintiff's Amended Motion to Extend Time to Serve Brian C. Humphries [doc. 27], filed March 3, 2017 and (2) Plaintiff' Motion for Leave to Re-Service Office P. Branch [doc. 28], filed March 3, 2017.

<u>**NOTICE OF RIGHT TO OBJECT TO PROPOSED**</u>
<u>**FINDINGS, CONCLUSIONS AND RECOMMENDATION**</u>
<u>**AND CONSEQUENCES OF FAILURE TO OBJECT**</u>

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge.  *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 31, 2017** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 17, 2017.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

16